1  LEE PLUMMER
   California State Bar Number 77783
2  Attorney at Law.
   4045 Bonita Rd. #202
3  Bonita, Ca. 91902
   Telephone: (619) 267-1710
4

5  Attorney for Defendant
   Juan Rafael Zafra-Gomez
6

7
                    **UNITED STATES DISTRICT COURT**
8
                   **SOUTHERN DISTRICT OF CALIFORNIA**
9
                    **(HONORABLE BARRY TED MOSKOWITZ)**
10

11 | UNITED STATES OF AMERICA,        )   Case No. 08-CR-0020 BTM
                                      )
12 |      Plaintiff,                  )   Date: February 1, 2008
                                      )   Time: 1:30 P.M.
13 | v.                               )
                                      )   STATEMENT OF FACTS AND
14 | JUAN RAFAEL ZAFDRA GOMEZ,        )   MEMORANDUM OF POINTS
                                      )   AND AUTHORITIES IN
15 |      Defendant.                  )   SUPPORT OF DEFENDANT'S
                                      )   MOTION
16 |                                  )

17

18                        **STATEMENT OF FACTS**

19   The following statement of facts is based, in part, on materials

20  received from the government.  The facts alleged in these motions

21  are subject to amplification and/or modification at the time these

22  motions are heard. Defendant in no way admits the truth of the

23  facts alleged in the complaint. The complaint alleges that on or

24  about October 15, 2007, defendant did knowingly and intentionally

25  possess, with intent to distribute 3.11 kilograms of

26  methamphetamine.

27      Defendant was stopped at the San Clemente Border Patrol

28  Checkpoint.  He was questioned at primary and secondary inspection

stations by Border Patrol Agents without being advised of his Miranda rights.

## II

## ANY STATEMENTS MADE BY MR. ZAFRA GOMEZ SHOULD BE SUPPRESSED

**A.    The Government Must Demonstrate Compliance With *Miranda*.**

In their report, Agents Joaquin Ayala, J. Ortiz and H. Gonzalez do not state that they advised Mr. Zafra Gomez prior to questioning him at the San Clemente Border Patrol Check Point.

**1.    *Miranda* Warnings Must Precede Custodial Interrogation.**

The Supreme Court has held that the prosecution may not use statements, whether exculpatory or inculpatory, stemming from a custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. See Miranda v. Arizona, 384 U.S. 436, 444 (1966). The law imposes no substantive duty upon the defendant to make any showing other than that the statement was taken from the defendant during custodial interrogation. Id. at 476. Custodial interrogation is questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. Id. at 477; see Orozco v. Texas, 394 U.S. 324, 327 (1969). In Stansbury v. California, the Supreme Court clarified its prior decisions by stating that "the initial determination of custody depends on the objective circumstances of the interrogation, not on the subjective views harbored by either the interrogating officers or the person being questioned." 511 U.S. 318, 323 (1994). The Ninth Circuit has held that a suspect will be found to be in custody if the actions of the interrogating officers and the surrounding circumstances, fairly construed, would reasonably have led him to believe he could not freely leave. See United States v. Lee, 699 F.2d 466, 468 (9th Cir. 1982); United States v. Bekowies, 432 F.2d 8, 12 (9th Cir. 1970). In determining whether a person is in custody, a reviewing court must consider the language used to summon the defendant, the physical surroundings of the interrogation, and the extent to which the defendant is confronted with evidence of his guilt. See

**United States v. Estrada-Lucas, 651 F.2d 1261 (9th Cir. 1980).**

**Once a person is in custody, Miranda warnings must be given prior to any interrogation. In United States v. Leasure, the Ninth Circuit held that "custody," for the purposes of Miranda warnings, usually begin at the point of secondary inspection in border cases. 122 F.3d 837, 840 (1997). Miranda warnings must advise the defendant of each of his or her "critical" rights. See United States v. Bland, 908 F.2d 471, 473 (9th Cir. 1990). Furthermore, if a defendant indicates that he wishes to remain silent or requests counsel, the interrogation must cease. See Miranda, 384 U.S. at 474; see also Edwards v. Arizona, 451 U.S. 477 (1981).**

**Unless and until Miranda warnings and a knowing and intelligent waiver are demonstrated by the prosecution, no evidence obtained as result of the interrogation can be used against the defendant. See Miranda, 384 U.S. at 479.**

### III.
### CONTENTION

Because the defendant was not advised of his right to remain silent, his right to have an attorney present and his right to have an attorney appointed his statements at the San Clemente Checkpoint should be suppressed.

### IV
### CONCLUSION

For the foregoing reasons, Mr. Juan Rafael Zafra Gomez respectfully requests that this Court grant this motion.

Respectfully submitted,

January 22, 2008:         /s/ Lee Plummer
                          Attorney for Defendant

3