1  KAREN P. HEWITT
   United States Attorney
2  A. DALE BLANKENSHIP
   Assistant United States Attorney
3  California State Bar No. 235960
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-6199/(619) 235-2757 (Fax)
   Email: Dale.Blankenship@usdoj.gov
6
   Attorneys for Plaintiff
7  United States of America

8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Case No. 08CR0020-BTM |
| ) | |
| Plaintiff, ) | DATE: February 1, 2008 |
| ) | TIME: 2:00 p.m. |
| ) | |
| ) | STATEMENT OF FACTS AND |
| JUAN RAFAEL ZAFRA-GOMEZ, ) | MEMORANDUM OF POINTS AND |
| ) | AUTHORITIES IN SUPPORT OF |
| Defendant. ) | GOVERNMENT'S MOTION FOR |
| ) | RECIPROCAL DISCOVERY |
| _____ ) | |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and A. DALE BLANKENSHIP, Assistant United States Attorney, and hereby files the attached statement of facts and memorandum of points and authorities in support of government's motion for reciprocal discovery.

//
//
//
//
//
//
//

1

**I.**

**STATEMENT OF THE CASE**

On January 2, 2008, a federal grand jury for the Southern District of California returned a one-count Indictment, charging Defendant with possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Defendant was arraigned on the Indictment on January 3, 2008, and entered a not guilty plea.

**II**

**STATEMENT OF FACTS**

**A.   IMMIGRATION HISTORY**

Defendant is a citizen of Mexico.

**B.   INSTANT OFFENSE**

On October 15, 2007, at approximately 3:35 p.m., Defendant entered the San Clemente Border Patrol Checkpoint driving a 2001 Mazda MPV mini-van with California license plate number 5EAP803. United States Border Patrol (USBP) Agent Joaquin Ayala was manning lane number 1, and motioned for Defendant to stop. Agent Ayala observed the Defendant driving the vehicle and observed a passenger, later identified as Domingo Sapien-Soto, also in the vehicle. As Defendant pulled forward slowly, Agent Ayala saw Defendant lean over and speak to the passenger briefly before making a complete stop. Agent Ayala identified himself as a U.S. Border Patrol Agent and asked the Defendant his citizenship. The Defendant stated that he was a permanent resident of the United States. Agent Ayala asked Defendant for his card, and Defendant produced his permanent resident card.

Agent Ayala then asked the passenger his citizenship. Defendant stated that the passenger was a resident also. Agent Ayala asked Defendant not to speak for the passenger. Agent Ayala then asked the passenger if it was true that he also was a permanent resident. Agent Ayala asked the passenger to produce his card. Defendant then looked at the passenger and told him to show the agent his card. The passenger then pretended to look for a card in his wallet. Agent Ayala then referred the vehicle to secondary for a more thorough immigration inspection.

In secondary, USBP Agent J. Ortiz and Agent H. Gonzalez identified themselves to Defendant and the passenger. The agents questioned both individuals regarding their citizenship. Defendant

2

produced his permanent resident card to Agent Gonzalez. Agent Gonzalez asked Defendant about his passenger and Defendant stated that he was his good friend for many years. The passenger told Agent Ortiz that he was a citizen of Mexico. Agent Ortiz asked the passenger if he had any immigration documents that would allow him to legally enter or remain in the United States. The passenger stated that he did not have any documents. The passenger also stated that he did not know Defendant. The passenger stated that Defendant picked him up at a gas station near San Ysidro, California.

The passenger was arrested and transported to the Border Patrol Station for processing. Defendant was also arrested and transported to the Border Patrol Station. At the station, Defendant stated that he earlier crossed the border into Mexico to visit his girlfriend and that on the way back he encountered the passenger who needed a ride to Los Angeles. A 72 hour lane check revealed that Defendant's vehicle had not crossed into the San Ysidro Port of Entry on October 15, 2007, but Defendant's vehicle had crossed twice on October 14, 2007. Defendant stated that he did not cross on those occasions. Agents determined that the passenger was not in the country legally and he was voluntarily returned to Mexico. Defendant's vehicle was seized.

**C.    VEHICLE SCREENING**

On October 19, 2007, USBP Agent James Harlan conducted an initial screening on Defendant's seized vehicle at the asset forfeiture office in San Ysidro, California. During a non-intrusive x-ray screening of the vehicle, Customs and Border Protection Officers De Jesus and Olsen noticed an anomaly in the vehicle's rear quarter panels. Agent Harlan removed the quater panels and discovered 7 cellophane wrapped packages weighing 13.2 pounds. Agent Harlan conducted a field test on the substance contained within the packages and the substance tested positive for methamphetamine.

The packages were delivered to the Drug Enforcement Administration, Southwest Laboratory for testing. The laboratory analysis revealed a net weight of 3.11 kilograms of methamphetamine at 99.4% purity. The amount of actual methamphetamine is 3.091 kilograms.

**D.    RECORDS CHECKS**

A check of the Treasury Enforcement Communication System indicates that Defendant was arrested at the San Ysidro, California, Port of Entry on March 2, 2007, for attempting to elude inspection.

1     **E.**    **VEHICLE REGISTRATION**

2     California Department of Motor Vehicles' records indicate that Isabel Cruz is the registered

3 owner of the Mazda MPV mini-van driven by the Defendant. These records also indicate that the

4 vehicle was sold on July 17, 2007, to Carlos Jarquin Velasco.

5     **F.**    **CRIMINAL HISTORY**

6     Defendant has two prior traffic citations from 2005.

7                     **III**

8            **GOVERNMENT'S MOTIONS**

9     **A.**    **UNITED STATES' MOTION FOR RECIPROCAL DISCOVERY**

10     Although to date, Defendant has not filed a motion to compel discover the Government

11 anticipates that he will do so. The Government has voluntarily complied and continues to comply with

12 the requirements of Rule 16(a). To date, the Government has provided 29 pages of discovery to

13 Defendant. The United States, pursuant to Rule 16(b), hereby requests that Defendant permit the United

14 States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible

15 objects, or make copies of portions thereof, which are within the possession, custody or control of

16 defendants and which they intend to introduce as evidence in their case-in-chief at trial.

17     The United States further requests that it be permitted to inspect and copy or photograph any

18 results or reports of physical or mental examinations and of scientific tests or experiments made in

19 connection with this case, which are in the possession or control of Defendant, which he intends to

20 introduce as evidence-in-chief at the trial or which were prepared by a witness whom the defendant

21 intend to call as a witness. The United States also requests that the court make such orders as it deems

22 necessary under Rule 16(d)(1) and (2) to insure that the United States receives the discovery to which

23 it is entitled.

24     Federal Rule of Criminal Procedure 26.2 requires the production of prior statements of all

25 witnesses, except the defendant. The time frame established by the rule requires the statement to be

26 provided after the witness has testified, as in the Jencks Act. Therefore, the United States hereby

27 requests that Defendant be ordered to supply all prior statements of defense witnesses by a reasonable

28 //

date before trial to be set by the court. This order should include any form these statements are memorialized in, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

## IV

## **CONCLUSION**

For the foregoing reason, the Government respectfully requests that its motions for reciprocal discovery be granted.

DATED: January 27, 2008.

                                             Respectfully Submitted,

                                             KAREN P. HEWITT
                                             United States Attorney

                                             S/ A. Dale Blankenship
                                             A. DALE BLANKENSHIP
                                             Assistant United States Attorney
                                             Attorneys for Plaintiff
                                             United States of America
                                             Email: Dale.Blankenship@usdoj.gov

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Criminal Case No. 08CR0020-BTM |
| Plaintiff, | ) |
| | ) **CERTIFICATE OF SERVICE** |
| v. | ) |
| | ) |
| JUAN RAFAEL ZAFRA-GOMEZ, | ) |
| | ) |
| Defendant. | ) |

IT IS HEREBY CERTIFIED THAT:

I, A. DALE BLANKENSHIP, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **NOTICE OF MOTION AND MOTION FOR RECIPROCAL DISCOVERY** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

> Lee Plummer, Esq.
> Attorney for Defendant
> Irafam@aol.com

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None.

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 27, 2008.

> s/ A. Dale Blankenship
> A. DALE BLANKENSHIP

6